# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CANTU, | CASE NO. 1:11-cv-00167-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DR. SERGE VERNE, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**Screening Order**

I.    **Screening Requirement and Standard**

Plaintiff Joshua Cantu, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 31, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Dental Care Claim**

Plaintiff, who is an inmate at Kern Valley State Prison, alleges that on February 2, 2009, he went to an outside dentist, Defendant Serge Verne, to have his upper right wisdom tooth extracted under sedation. The outside appointment had been arranged by Defendant John Doe, who was the prison's Chief Medical Officer.

On February 4, 2009, Plaintiff's mouth was swollen and he was in pain. Plaintiff noticed the molar next to the tooth that had been extracted was newly-cracked and painful. Plaintiff alleges that Defendant Verne committed medical malpractice, and he seeks damages and unspecified corrections to his teeth.

Section 1983 provides a cause of action only for the violation of constitutional or other federal rights.[1] E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Medical malpractice does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v.

---

[1] The Court will assume on screening that Defendant Verne, who is a private party, acted under color of law as a state contract provider. See e.g., Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008).

Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  While Plaintiff is entitled to medical and dental care under the Eighth Amendment, the protection of the Eighth Amendment is implicated only by an action or omission of "deliberate indifference" to a serious medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle, 429 U.S. at 106).

The facts underlying Plaintiff's claim for relief amount to nothing more than medical malpractice, at most.  To the extent that Defendant Verne negligently cracked Plaintiff's molar during the extraction procedure, section 1983 offers no redress.  Because this deficiency is not capable of being cured through amendment, dismissal without leave to amend is appropriate. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**III.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

**Dated:    February 9, 2012**                  /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

3