# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CANTU,<br><br>             Plaintiff,<br><br>     v.<br><br>DR. SERGE VERNE, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:11-cv-00167-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 10) |

Plaintiff Joshua Cantu, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 31, 2011. On February 9, 2012, the Court dismissed this action, with prejudice, for failure to state a claim under section 1983. Plaintiff filed a motion seeking reconsideration on February 27, 2012.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his complaint, Plaintiff sought to impose liability against Defendant Verne, a private dentist to whom Plaintiff was transported for care, for cracking Plaintiff's molar during a tooth extraction on February 2, 2009, and against the two Doe Chief Medical and Dental Officers who arranged for the procedure. The Court dismissed the action, with prejudice, on the ground that Plaintiff's claim against Defendant Verne was, at most, one for medical malpractice, which is not cognizable under section 1983. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

In his motion for reconsideration, Plaintiff reiterates his medical malpractice claim against Defendant Verne and the Chief Medical and Dental Officers who arranged the appointment, but he argues that he should have been given leave to amend because he was in severe pain between February 4, 2009, and March 6, 2009. Plaintiff alleges that he requested dental care on February 11, 2009, and he was seen by Dr. Yap, a prison dentist, on March 6, 2009. Dr. Yap confirmed the tooth was broken and placed a temporary cap on the tooth.

Assuming Defendant Verne cracked Plaintiff's molar during the extraction of a tooth on February 2, 2009, section 1983 provides no redress. At most, Plaintiff has a claim for negligence. Likewise, there is no liability under section 1983 against the Doe Chief Medical and Dental Officers who arranged for Plaintiff to be seen by Defendant Verne. Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). The events at issue do not support an Eighth Amendment claim of deliberate indifference to serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

To the extent that Plaintiff wishes to add new claims against new parties arising from events at the prison between February 4, 2009, and March 6, 2009, he is not precluded from doing so but his recourse is to file a new action.  Plaintiff cannot cure the defect in his negligence claim against Defendants Verne and the Doe Chief Medical and Dental Officers, and he is not entitled to leave to amend so that he may alter the nature of suit by alleging new claims against new parties.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, Plaintiff's motion for reconsideration, filed on February 27, 2012, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   February 28, 2012**          /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE